**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

JAMES STEWART,                          )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )          Case No. 1:22-cv-47 SRW
                                        )
BILLY JOLE STANFELD, et al.,            )
                                        )
            Defendants.                 )

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of Plaintiff James Stewart for leave to commence this civil action without prepayment of the required filing fee. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court has determined that Plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $53.40. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of his motion for leave to proceed *in forma pauperis*, Plaintiff submitted a copy of his inmate account statement. ECF No. 6. A review of Plaintiff's account from the relevant period indicates an average monthly deposit of $267.00 and an average monthly balance of $50.80. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $53.40, which is 20 percent of Plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court

2

should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff is a self-represented litigant who is currently incarcerated at the Pemiscot County Jail in Caruthersville, Missouri. He brings this civil action pursuant to 42 U.S.C. § 1983, naming the following six Defendants: (1) Police Chief Billy Jole Stanfeld, City of Steele Police Department; (2) Larry Jared, City of Steele Police Department; (3) John R. Trimm, City of Steele Police Department; (4) Nurse Christian Tate, Pemiscot County Jail; (5) Correctional Officer Nakita Vower, Pemiscot County Jail; and (6) the City of Steele Police Department. All Defendants are sued in both their official and individual capacities.

The complaint is on a Court-provided 42 U.S.C. § 1983 form and includes a handwritten statement of claim on eight pages of notebook paper. Plaintiff asserts he is "refil[]ing his[] United States District Court (case) 1:21-CV-00183-ACL" because "common sense" shows "Pemiscot County has over 500[] Federal Complaints" and "this litigation is well up to standards and requirement of conspiracy to (murder) on the record of hate." ECF No. 1 at 4. The case Plaintiff references was filed in December 23, 2021 against the same Defendants named here and alleged substantially similar claims. *See Stewart v. Stanfeld, et al.*, Case No. 1:21-CV-183-ACL (E.D. Mo.

3

Dec. 23, 2021). On March 9, 2022, the Court dismissed that action for failure to state a claim against each Defendant in their official and individual capacities. *See Stewart*, 2022 WL 705928.

In the instant complaint, Plaintiff's statement of the claim is difficult to decipher due to the inclusion of incomplete sentences and unorganized formatting. It appears; however, he is alleging Defendants Jared and Trimm, with two other non-defendant individuals, violated his constitutional rights by: running him off of a road, taking $300 in cash, making false gun and motor vehicle charges, stalking his family and friends, taking part in a "false search warrant," taking coins (valued at $3.5 million) from his wife, threatening to burn down property, and assaulting him with a deadly weapon. ECF No. 1 at 5-6. Plaintiff states he has "audio/video" to support his claims against Defendant Stanfeld who has "no respect for the United States Constitution and African Americans." *Id.* at 6. He states the "primary concerns" of the instant action is to "stop the unwanted contact to [his] family," which he describes as torture. *Id.* at 8. Lastly, Plaintiff asserts Defendants Tate and Vower were aware he "hit his head and was placed into a holding cell." *Id.* at 10. He states they had a constitutional obligation to treat his injury, but does not allege what they did or failed to do. *Id.* at 11.

Plaintiff left the "Injuries" section of his form complaint blank. *Id.* at 12. Nevertheless, he seeks $1 million "or mor[e]" in damages "for unusual punishment and false imprisonment." *Id.* at 5. Plaintiff also requests Defendants be incarcerated for false statements they made about him.

### Discussion

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis*, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court must dismiss this action without prejudice. The allegations in the instant case are almost identical to

those brought by Plaintiff in *Stewart v. Stanfeld, et al.*, Case No. 1:21-CV-183-ACL, and will be dismissed for similar reasons.

### A. Defendant City of Steele Police Department

Plaintiff named the Steele Police Department as a defendant in his action. A police department, however, is not a distinctly suable entity under 42 U.S.C. § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (affirming dismissal of West Memphis Police Department because it was not a suable juridical entity). *See also Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("county jails are not legal entities amenable to suit"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department because they are not suable entities). Thus, Plaintiff's claim against the Steele Police Department must be dismissed.

Even if the City of Steele is substituted as the Defendant in place of the Steele Police Department, Plaintiff has still failed to state a claim. A local governing body such as the City of Steele can be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). To prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). In this case, Plaintiff presents no facts whatsoever to support the

proposition that the City of Steele violated his constitutional rights due to an unconstitutional policy, custom, or failure to train.

### B.  Official Capacity Claims

Plaintiff has sued all Defendants in their official capacities. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly*, 813 F.3d at 1075 ("plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

Defendants Stanfeld, Jared, and Trimm are alleged to be employed by the Steele Police Department or the City of Steele. Thus, the official capacity claims against them are treated as claims against the City itself, their employer. To prevail, Plaintiff must establish the City of Steele's liability for the alleged conduct. As discussed above, however, Plaintiff has not stated a claim against the City of Steele. Therefore, the official capacity claims against defendants Stanfeld, Jared, and Trimm must be dismissed.

Defendants Tate and Vower are alleged to be employed by Pemiscot County. Accordingly, the official capacity claims against them are treated as being made against the county. To prevail, Plaintiff must demonstrate he was harmed due to a Pemiscot County policy, custom, or failure to train. *See Mick*, 883 F.3d at 1079. Plaintiff has not presented any facts supporting the proposition

that Pemiscot County had an unconstitutional policy or custom, or was deliberately indifferent in failing to train or supervise its employees. Pemiscot County is not mentioned anywhere at all in the complaint, other than to note that defendants Tate and Vower worked at the Pemiscot County Jail. Therefore, the official capacity claims against Tate and Vower must be dismissed.

### C.  Individual Capacity Claims

Plaintiff has also sued all Defendants in their individual capacities. Individual liability in a 42 U.S.C. § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights). To that end, a plaintiff must allege facts connecting each defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

#### 1. Defendants Stanfeld, Tate, and Vower

Plaintiff has not adequately alleged the personal responsibility of Defendants Stanfeld, Tate, and Vower for violating his constitutional rights. As to Stanfeld, he describes no specific act or omission by which to hold him liable. Plaintiff merely states Stanfeld has no respect for the Constitution and there is "audio/video" to support his claim Stanfeld and others. Simply listing an individual as a defendant is not sufficient to assert their responsibility. *See Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (agreeing with district court dismissal of two defendants who were

named as defendants in the complaint, but who had no factual allegations made against them); and *Krych v. Hvass*, 83 Fed. Appx. 854, 855 (8th Cir. 2003) (agreeing with district court dismissal of defendants who were merely listed in the complaint, and who were not alleged to have been personally involved in the constitutional violations). To the extent he is alleging a supervisory liability claim against Defendant Stanfeld due to his position of authority as the Chief of Police, such a claim fails. In order to maintain an action for supervisory liability, the plaintiff must show that the failure to train or supervise caused the injury. *Moore v. City of Desloge, Mo.*, 647 F.3d 841, 849 (8th Cir. 2011). Plaintiff fails to allege any such facts here.

As to Tate and Vower, Plaintiff alleges they knew he hit his head and was placed into a holding cell. Plaintiff does not state they were the individuals who placed him in the holding cell. He then writes, "Petitioners . . . manifested mere[] failure and refusal to diagnose and treat his injury and detailics [sic]." Plaintiff does not explain how Tate or Vower refused or failed to provide him with medical assistance. Thus, to the extent he is attempting to state a deliberate indifference claim, he has not provided sufficient factual allegations to demonstrate he suffered from an objectively serious medical need, and any of the defendants actually knew of and disregarded that need. *See Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). *See also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019). That is, plaintiff has not indicated that they intentionally denied or delayed his access to medical care, intentionally interfered with his treatment, or intentionally interfered with his prescribed medication. *See Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995).

Therefore, the individual capacity claims against defendants Stanfeld, Tate, and Vower must be dismissed for failure to state a claim.

### 2. Defendants Jared and Trimm

Plaintiff has accused Defendants Jared and Trimm of placing false charges against him, taking cash and coins from him and his wife, stalking his family and friends, threatening to burn down unidentified property, and assaulting him with a deadly weapon. Plaintiff has not, however, provided any additional factual information or details to explain why he believes they put false charges on him or how they stalked his family and friends. He has not identified the circumstances surrounding the alleged taking of his cash and wife's coin collection, or how and when they threatened to burn down property.

Instead of providing such facts, plaintiff relies solely on labels, legal conclusions, and citations to U.S. Supreme Court cases. This is not sufficient to state a claim. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) ("While the court must accept allegations of fact as true . . . the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations"); and *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement").

The Court notes Plaintiff had the same pleading issues when he brought similar claims in his previously dismissed action against the same Defendants here. The Court explained: "Taken as a whole, [P]laintiff's 'Statement of Claim' regarding Jared and Trimm is fragmentary, conclusory, and lacks any explanatory context. Thus, there is no indication that the accusations leveled against these defendants . . . occurred while defendants were in uniform, on duty, and performing their functions as law enforcement officers." *Stewart v. Stanfeld*, , 2022 WL 705928, at *7. Moreover, "Plaintiff failed to establish a causal link between the actions taken by Jared and

9

Trimm and the violation of his federally protected constitutional rights. The paucity of his facts simply d[id] not plausibly state the existence of a constitutional violation." *Id.* The same is true of the complaint he submitted in the instant action.

Therefore, the individual capacity claims against defendants Jared and Trimm must be dismissed for failure to state a claim.

### D.  Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. ECF No. 3. The motion will be denied as moot as this case is being dismissed without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $53.40 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (ECF No. 3) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 19th day of May, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE